OPINION
{¶ 1} Kathy French appeals from her conviction for operating a motor vehicle while under the influence of alcohol pursuant to R.C.4511.19(A)(1)(a). In a single assignment of error, French contends the trial court erred in rejecting the magistrate's sentence and increasing it after execution of the sentence had already commenced. *Page 2 
 {¶ 2} On June 28, 2005, French appeared in open court and entered a guilty plea to the operating while under the influence charge before Magistrate Beth W. Root. Ms. French was represented by attorney Christ Theodor. The following occurred in open court:
 {¶ 3} "THE COURT: In that case, I vacate your plea of not guilty, accept your plea of guilty, find you guilty. The Failure to Stop After an Accident is dismissed with court costs. And the OVI, as a breath test over .17 is dismissed. That's actually without court costs.
 {¶ 4} "And, Mr. Theodore [sic], is there anything you'd like me to know about this?
 {¶ 5} "MR. THEODORE [sic]: Just that, as we had discussed, Kathy has, as everybody here knows, back in the `90's had some similar problems. Had a very long stretch without any problems, and I guess due to some circumstances recently — that's not an excuse. It's more by way of explanation. She has had some counseling. She understands that she needs some assistance along that line. So I think she's fully aware of that, and she would — I believe we talked about driving privileges for work. And she would just ask the Court to take that into consideration.
 {¶ 6} "THE COURT: Ms. French, is there anything else that you would like me to know?
 {¶ 7} "MS. FRENCH: No. I appreciate that. Thank you."
 {¶ 8} The magistrate then stated she was fining French Five Hundred Dollars ($500) plus court costs, sentencing her to ninety days in jail with eighty-four days suspended with a three-day WIP program counting as three days of the unsuspended *Page 3 
sentence. The magistrate then stated she was placing French on three years probation and suspending her license for a year.
 {¶ 9} Ms. French paid her fines, court costs, and began serving her three-day sentence on July 5, 2005. On August 12, 2005, Judge Catherine Barber overruled the "recommendations" of Magistrate Root because the trial judge found that the magistrate sentenced Ms. French without being aware that Ms. French had a pending operating while under the influence charge and hit-skip charge in the Xenia Municipal Court information, which the court believed would certainly have impacted the magistrate's sentencing recommendation. The court then stated the matter would be set for re-sentencing at a future date.
 {¶ 10} On October 13, 2005, the trial court sentenced Ms. French to one hundred eighty days in jail, no good time, with ninety days suspended on condition defendant have no OVI conviction within six years, and she complete three years probation to monitor drug and alcohol treatment recommendations. Of the ninety days not suspended, Ms. French was given three days jail-time credit and the remainder of eighty-seven days was to be served on electronically monitored house arrest. The court suspended Ms. French's driver's license for three years and fined her five hundred dollars ($500) and court costs.
 {¶ 11} Appellant argues that the trial court erred in increasing her sentence after part of her sentence had been executed. She contends this action by the trial court violated Crim.R. 19(E)(3)(a) and the prohibition against multiple punishments found in the Double Jeopardy Clause of the Ohio and United States Constitutions.
 {¶ 12} The State argues that even if the trial court erred in not accepting the magistrate's recommendation, such error was "invited" by the Appellant or her counsel's *Page 4 
failure to inform the magistrate of the pending prosecution of Ms. French in Xenia.
 {¶ 13} It is clear Ms. French should never have begun serving her recommended sentence until the trial court had adopted the magistrate's recommendations as required by former Crim.R. 19(E)(3)(a). At the time of French's sentencing, that rule provided, in part:
 {¶ 14} "The magistrate's decision shall become effective when adoptedby the court. The court may adopt the magistrate's decision and enter judgment if no written objections are filed or the parties have waived the filing of objections in writing or on the record in open court, unless the court determines that there is an error of law or other defect on the face of the magistrate's decision." (Emphasis added.)
 {¶ 15} Traf. R. 14(C) states that proceedings before the magistrate shall be conducted as provided in Criminal Rule 19. Crim.R. 19(E)(3)(a) further previously provided that no sentence recommended by a magistrate shall be enforced until the court has entered judgment.
 {¶ 16} Appellant contends she has already served three days in jail, has completed the Weekend Intervention Program (WIP), paid her fines and court costs, and has kept her probation appointments. We agree with the Appellant that the procedure followed in this case was irregular and unfortunate. When the magistrate spoke to Ms. French, she should have said I am "recommending" that the trial court sentence you as follows, and provided Ms. French an opportunity to file timely objections to those recommendations. We agree that Mr. Theodor should have informed the magistrate about the pending criminal matters in Xenia Municipal Court against his client when the magistrate made inquiry of him. We also agree that a trial court may not increase a sentence once the trial court (not the magistrate) has imposed the sentence, and it has been partially executed. The trial court *Page 5 
gave Ms. French credit for the three days she served after she entered her guilty plea. If Ms. French has paid her five-hundred dollar ($500) fine, she cannot be required to pay it again. The sentence imposed by the trial court does not violate the Double Jeopardy provisions of the Ohio or United States Constitutions. She has not been punished twice for the same offense. The assignment of error is Overruled. The judgment of the trial court is Affirmed.
 GRADY, J., and GLASSER, J., concur. *Page 1